# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
Fort Worth Division

UNITED STATES OF AMERICA

v.

JAMES FLORES

***AMENDED* JUDGMENT IN A CRIMINAL CASE**[1]

Case Number:  4:24-CR-306-Y(1)
Matthew R. Weybrecht, assistant U.S. attorney
James P. Melendres, attorney for the defendant


On December 11, 2024, the defendant, James Flores, entered a plea of guilty to count one of the one-count information. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349, 18 U.S.C. § 1343 | Conspiracy to Commit Wire Fraud | May 31, 2021 | 1 |

The defendant is sentenced as provided in pages two and three of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for count one of the one-count information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed September 24, 2025.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed September 25, 2025.

---

[1] Judgment amended to correct joint and several restitution amount with defendants Nathan Reis, case no. 4:24-CR-287-O (1) and Stephanie Hockridge, case no. 4:24-CR-287-O (2) pursuant to a motion by the government and agreement of defense counsel.

Judgment in a Criminal Case
Defendant: James Flores
Case Number:  4:24-CR-306-Y(1)                                    Judgment -- Page **2** of **4**

## IMPRISONMENT

The defendant, James Flores, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 41 months on count one of the one-count information.

The Court recommends that the defendant be incarcerated at either FCI-Mendota, Mendota, California, or FCI-Lompoc, Lompoc, California, if possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. on October 13, 2025, as notified by the United States marshal or as notified by the probation office.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on count one of the one-count information.

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the United States Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court;

not incur new credit charges, or open additional lines of credit without the approval of the probation officer;

provide to the probation officer complete access to all business and personal financial information;

pay any remaining balance of restitution in the amount of $64,391,256.84, as set out in the judgment;

not transfer, sell, give away, or otherwise convey any asset with a value of $500.00 or more without the approval of the probation officer;

participate in outpatient mental-health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month; and

participate in an outpatient program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of

Judgment in a Criminal Case
Defendant: James Flores
Case Number:  4:24-CR-306-Y(1)                                                Judgment -- Page **3** of **4**

alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25.00 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The defendant is ordered to make restitution, jointly and severally with related defendant Vivian Arriaga, case no. 4:24-CR-006-Y (01), in the amount of $45,617.75, with related defendant Michael Cota, case no. 4:24-CR-005-Y (01), in the amount of $83,929.49, and jointly and severally with related defendants Nathan Reis, case no. 4:24-CR-287-O (01) and Stephanie Hockridge, case no. 4:24-CR-287-O (02) in the amount of $64,391,256.84. Restitution shall be paid to the U. S. district clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

U. S. Small Business Administration
409 3rd Street S.W.
Washington, DC 20416
$64,391,256.84
Re: Blueacorn

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $64,391,256.84 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $1,000.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

This payment schedule does not affect the enforceability of the restitution order and the continuing obligation of the defendant to pay restitution in full as soon as possible. Nothing in this order shall be construed to limit the ability of the U.S. Attorney's Office to fulfill its statutory obligation to enforce restitution under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., or under any other statutory provision, during supervision or after release.

However, no restitution shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration.

Judgment in a Criminal Case
Defendant: James Flores
Case Number:  4:24-CR-306-Y(1)                                    Judgment -- Page **4** of **4**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States marshal


BY _____
                       deputy marshal